■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO BEDOYA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals his conviction, after a trial without a jury, of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the second degree arising out of the sale of cocaine to an undercover police officer.

We find no merit in defendant's contention, on the issue of entrapment, that the trial court improperly relied upon matters not in the record, upon the uncorroborated evidence of an accomplice, and upon incompetent hearsay evidence in determining that defendant was predisposed to commit the crimes. The court properly relied upon defendant's 1974 conviction of criminal sale of a controlled substance, for evidence of that conviction was elicited by defense counsel on cross-examination of Police Officers Camacho and Dwyer. There is no requirement that the testimony of an accomplice concerning predisposition be corroborated. CPL 60.22 (1) requires only that "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense." Here there was overwhelming corroborative evidence connecting defendant with the offense. Moreover, contrary to defendant's contention, the witness who provided evidence of predisposition was not an accomplice to the crimes charged. Her role was that of a police agent and, as such, she lacked the intent to commit the crimes (see, People v Cona, 49 NY2d 26, 34). The hearsay evidence that defendant was a major drug distributor in the City of Rochester was admitted on cross-examination of Officer Camacho, without an objection or a motion to strike; hence, the error, if any, was not preserved for our review (see, Richardson, Evidence § 207, at 184-185 [Prince 10th ed]). In view of the substantial other evidence of predisposition, and the fact that the Trial Justice did not give undue weight to this hearsay evidence, we decline to exercise our interest of justice jurisdiction.

We agree with the Trial Justice that the facts of this case are significantly dissimilar to those in People v Isaacson (44 NY2d 511). Here, as properly found by the Trial Justice, the police conduct did not violate defendant's right to due process.

(Appeal from judgment of Supreme Court, Monroe County, Curran, J.—criminal sale of controlled substance, first degree, and another charge.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.