■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MACK ROBINSON, Appellant.—Judgment unanimously affirmed. Memorandum: We disagree with defendant's claim that Constable Pataran, a police officer with the Niagara Regional Police in the Province of Ontario, Canada, was an accomplice within the meaning of CPL 60.22. Pataran, at the time of the drug transaction, was acting pursuant to the request of and with the cooperation of the Niagara County Sheriff's Department. As a police agent he was not an accomplice because he lacked criminal intent (see, People v Cona, 49 NY2d 26, 34; People v Bedoya, 122 AD2d 545, lv denied 68 NY2d 998). We also conclude that defendant's trial counsel provided meaningful representation (see, People v Baldi, 54 NY2d 137, 146-147). We have considered defendant's remaining contention and find it to be lacking in merit. (Appeal from judgment of Niagara County Court, Hannigan, J.—criminal sale of controlled substance, third degree.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.