■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE ADAMS, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Viewing the evidence in the light most favorable to the People *(see, People v Ford,* 66 NY2d 428, 437), we conclude that it is legally sufficient to support defendant's conviction of conspiracy in the second degree, criminal sale of a controlled substance in the second degree, and criminal possession of a controlled substance in the third degree *(see, People v Bleakley,* 69 NY2d 490, 495).

Defendant contends that County Court erred in refusing to instruct the jury that prosecution witness James Fuller was an accomplice whose testimony required corroboration *(see,* CPL 60.22 [1]). The People argue that Fuller acted purely as a police agent and therefore lacked any criminal intent *(see, People v Cona,* 49 NY2d 26, 34). While it is true that a police agent is not an accomplice because he lacks the intent to commit the crime *(People v Bedoya,* 122 AD2d 545, *lv denied* 68 NY2d 998), in this case Fuller did not act as a police agent. Instead, Fuller actively participated in the conspiracy of which defendant was a member. Once Fuller assumed that role, he came within the purview of CPL 60.22, and it was

error for the court to refuse to charge the jury that his testimony required corroboration. That error does not require reversal, however, because it was harmless *(see, People v Royall,* 172 AD2d 703, 704, *lv denied* 78 NY2d 973; *People v Pelc,* 101 AD2d 995). There is ample corroboration of Fuller's testimony. The audio tapes chronicle defendant's participation in the conspiracy, and the police surveillance and videotape verified that defendant engaged in the criminal activity for which he was convicted.

We have reviewed defendant's other claims of reversible error and conclude that there is no support in the record for them. Defendant concedes that he failed to make a pretrial motion to dismiss the indictment based upon a claimed denial of his right to a speedy trial *(see,* CPL 210.20); therefore, the claim is waived *(see, People v Lawrence,* 64 NY2d 200, 203). The People established a sufficient chain of custody of the contraband which was admitted in evidence, thereby providing reasonable assurances of the identity of the narcotics and of their unchanged condition *(see, People v Newman,* 129 AD2d 742, *lv denied* 70 NY2d 652). The audiotapes and transcripts thereof were properly admitted into evidence after the court conducted an audibility hearing. Defendant's right to effective assistance of counsel was not violated due to any alleged conflict of interest on the part of the attorney who represented him before trial. Defendant failed to demonstrate that " 'the conduct of his defense was in fact affected by the operation of the conflict of interest' " *(People v Ortiz,* 76 NY2d 652, 657; *see, People v Recupero,* 73 NY2d 877, 879). Finally, the court did not abuse its discretion in imposing the maximum permissible sentence. (Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Callahan, J. P., Lawton, Boehm and Davis, JJ.