■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS STOKES, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Naro, J.), rendered October 29, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

An undercover officer testified that he purchased cocaine from the defendant and observed him at arm's length during a transaction that lasted approximately five or six minutes. Another officer testified that he observed the transaction from a parked car 20 to 25 feet away. The defendant's contention that the evidence of his identity as the seller was legally insufficient was not preserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The dangers of misidentification are greatly reduced when the person who views the suspect is a law enforcement officer who is trained to be both accurate and objective in his observations (see, *People v Morales*, 37 NY2d 262; *People v Carolina*, 112 AD2d 244). The defendant points to inconsistencies regarding the lighting, height of the defendant, and clothes the defendant was wearing at the time of his arrest. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari*, 176 NY 84, 94). Its determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (see, CPL 470.15 [5]).

The sentence imposed was not excessive (see, *People v Suitte*, 90 AD2d 80). Rosenblatt, J. P., Lawrence, Eiber and Copertino, JJ., concur.