■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL W. HODGES, Appellant. [598 NYS2d 753] —Judgment unanimously affirmed. Memorandum: The record supports the suppression court's findings that the identification of defendant at the scene was spontaneous and occurred without police action. Because the physical evidence was abandoned by defendant at the time of his lawful stop and therefore not in response to unlawful police conduct (see, People v Matienzo, 81 NY2d 778; People v Terry, 190 AD2d 1064; cf., People v Bordeaux, 182 AD2d 1095, appeal dismissed 80 NY2d 915), Supreme Court properly refused to suppress it. We have considered the other issues raised by defendant, including those contained in his supplemental pro se brief, and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Burglary, 3rd Degree.) Present—Green, J. P., Fallon, Boomer, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROSA, Appellant. [598 NYS2d 753] —Judgment unanimously affirmed. Memorandum: We reject defendant's argument that the People failed to disprove the agency defense. The facts tending to establish the defense were provided by the testimony of the codefendant and the court was not bound to credit that testimony. We also conclude that the verdict was not against the weight of the evidence and that the sentence was not harsh and excessive. (Appeal from Judgment of Erie County Court, Rogowski, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Fallon, Boomer, Davis and Boehm, JJ.