■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY T. TURNER, Appellant. [611 NYS2d 946] —Crew III, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered December 3, 1992, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

In July 1992, defendant was indicted and charged, in two counts, of criminal sale of a controlled substance in the third degree stemming from allegations that defendant sold cocaine to undercover officers on May 13, 1992 and May 20, 1992. Defendant was convicted, after a jury trial, of both counts of the indictment and sentenced, as a second felony offender, to concurrent indeterminate terms of incarceration of 5 to 10 years on each count.

Defendant first contends that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. We disagree. Viewing the evidence in a light most favorable to the People, which we must *(see, People v Allah,* 71 NY2d 830), we are of the opinion that there is a valid line of reasoning that could lead a rational person to the conclusion reached by the jury *(see, People v Bleakley,* 69 NY2d 490). The undercover officers testified as to each of the sales in question, identified defendant as the seller and established a proper chain of evidence. Additionally, a State Police

forensic scientist testified concerning his analysis of the substances purchased and to the fact that they proved to be cocaine.

In asserting that the verdict is against the weight of the evidence, defendant points to two discrepancies in the trial evidence. First, defendant notes that with regard to the May 13, 1992 sale, one of the undercover officers described the cocaine vial as having a green cap, while all the other officers who testified, including the undercover officer who made the purchase, described the top of the vial as blue. This discrepancy was fully explored at trial and explained by the officer who made the notation that the cap was blue as merely a mistake. The differences referred to by defendant presented a question of credibility for resolution by the jury (see, People v Gaddy, 191 AD2d 735, lv denied 82 NY2d 718).

Defendant also notes that with regard to the May 20, 1992 sale, a field test performed at the police station proved negative for cocaine while laboratory analysis established the presence of cocaine. The undercover officer explained that such an occurrence could result when the field tester accidentally tests cutting agents, which are commonly used by drug sellers.* This apparent discrepancy, likewise, was for resolution by the jury and its determination will not be disturbed unless clearly unsupported by the record (see, supra, at 736). After weighing the relative probative force of the testimony and giving deference to the jury's verdict (see, People v Bleakley, supra), we are of the opinion that the People met their burden of proving defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence.

We are also of the view that County Court did not err in denying defendant's request to charge the jury with respect to the sale of an imitation controlled substance (see, Public Health Law § 3383 [2]) as a lesser included offense of criminal sale of a controlled substance in the third degree. In order to be entitled to such a charge, it must appear that it is impossible to commit the greater offense without concomitantly, by the same conduct, committing the lesser offense (see, People v Glover, 57 NY2d 61; see also, CPL 1.20 [37]). Quite obviously, if

---

* We also reject defendant's contention that County Court erred in permitting the undercover police officer to offer this explanation. The admissibility of such testimony was within County Court's discretion and we find no basis for disturbing its determination given the witness's extensive experience in the field of narcotics investigation (see, People v Duchowney, 166 AD2d 769; People v Atkinson, 122 AD2d 385, lv denied 68 NY2d 912).

defendant committed the greater offense of selling an actual controlled substance, he could not concomitantly have committed the crime of selling its imitation.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.