■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CASADO, Appellant. [623 NYS2d 449] —Judgment unani-

mously affirmed. Memorandum: There is no merit to the contention of defendant that the People failed to disprove the agency defense beyond a reasonable doubt *(see, People v Lam Lek Chong,* 45 NY2d 64, 73-76, *cert denied* 439 US 935; *People v Rosa,* 192 AD2d 1082, *lv denied* 82 NY2d 725). The facts tending to establish that defense were provided solely by defendant's testimony, which County Court, as the trier of fact, was free to disbelieve. The testimony of the undercover police officer who purchased the drugs was sufficient to prove that defendant was not acting solely as the agent of the purchaser of the drugs.

We further reject the contention of defendant that the court erred in admitting into evidence the substances purportedly sold by defendant to the undercover police officer. It was for the court to determine the weight to be given to the opinions of the two chemists who performed certain tests on the substances *(see, People v Flores,* 138 AD2d 512, 513, *lv denied* 72 NY2d 859). Those chemists testified that the substances were, in fact, cocaine and heroin, respectively. Furthermore, there is no merit to defendant's argument that the cocaine was improperly admitted because of alleged deficiencies in the chain of custody *(see, People v Flores, supra).* In any event, it is well settled that deficiencies in the chain of custody go to the weight rather than admissibility of the evidence, as long as the requirements of proof of identity and unchanged condition are met *(see, People v Julian,* 41 NY2d 340, 343). Here, the testimony of the police officer and the chemist established that the cocaine admitted into evidence was the same as that purchased by the officer and tested by the chemist. Additionally, the testimony established that the envelope had not been tampered with *(see, People v Green,* 155 AD2d 880, *lv denied* 75 NY2d 813; *see also, People v Julian, supra,* at 342-343). Thus, the record provides "reasonable assurances of the identity and unchanged condition of" the evidence *(People v Gamble,* 94 AD2d 960).

Finally, defendant has failed to demonstrate that the court abused its discretion in sentencing him or that extraordinary circumstances exist to warrant reduction of the sentence as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Erie County Court, Rogowski, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.