■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD PARKER, Appellant. [629 NYS2d 592] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a controlled substance (cocaine) in the third and fourth degrees. We reject his contention that the People failed to establish a chain of custody for the physical evidence seized from his person. The testimony of police detectives who handled the evidence and the forensic lab chief who tested and analyzed the evidence provided reasonable assurance of the identity and unchanged condition of the evidence *(see, People v McLaurin,* 196 AD2d 511, *lv denied* 82 NY2d 757; *People v Moyer,* 186 AD2d 997, *lv denied,* 81 NY2d 844; *People v Harris,* 181 AD2d 578, *lv denied* 80 NY2d 895).

The suppression court properly denied defendant's motion to suppress evidence seized pursuant to the search warrant. The warrant application indicated that a confidential informant told police that defendant was selling drugs from a third-floor apartment where he was residing in Niagara Falls. Two detectives submitted sworn statements detailing the informant's supervised purchase of cocaine on two occasions. One controlled "buy" took place at defendant's residence, and the other occurred at a location designated by defendant. Those details, together with a showing that other portions of the informant's

tip had been verified by investigation of police department files and communication with members of the Niagara County Drug Task Force, established the reliability of the informant and that the informant had a reliable basis for the information he provided *(see, People v Elwell,* 50 NY2d 231, 236-238; *People v Benjamin,* 150 AD2d 952; *People v Backenstross,* 73 AD2d 796). Thus, the warrant application satisfied both prongs of the *Aguilar-Spinelli* test *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108).

The contentions of defendant that physical evidence and statements should have been suppressed because he was arrested without probable cause before the search was conducted and because the search authorized by the warrant was complete when he was searched while on the street have not been preserved for our review *(see,* CPL 470.05 [2]; *People v Martin,* 50 NY2d 1029). In any event, those contentions are not factually supported by the record. Although defendant contends that the court should have granted a pretrial motion for recusal, no such motion appears in the record. We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Callahan, Doerr and Balio, JJ.