■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WALKER, Appellant. [635 NYS2d 714] —Peters, J. Ap-

peal from a judgment of the County Court of Ulster County (Sheridan, J.), rendered June 28, 1994, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was arrested in June 1993 after selling cocaine to an undercover State Police officer in the Village of Ellenville, Ulster County. After trial, defendant was found guilty of the crime of criminal sale of a controlled substance in the third degree and sentenced as a second felony offender to an indeterminate term of imprisonment of 5 to 10 years.

Defendant contends that the jury's guilty verdict was against the weight of the credible evidence. We cannot agree. The evidence, when viewed in the light most favorable to the prosecution, as it must be, discloses a valid line of reasoning that could lead a rational person to the guilty verdict arrived at here (*see, People v Bleakley*, 69 NY2d 490, 494; *People v Turner*, 204 AD2d 816, *lv denied* 83 NY2d 972).

Testimony was adduced at trial from undercover State Police Officer Michael Bryan who was wearing a body wire when he approached defendant on a street in Ellenville on the evening in question. Bryan invited defendant into his car where defendant gave him a packet of cocaine in exchange for $20. Bryan testified that he had a clear view of defendant during this transaction and that he could readily identify defendant from previous encounters with him.

The testimony of State Police Officer Phillip Mattracion, Bryan's backup officer, confirmed Bryan's testimony. While Mattracion testified that he had not directly seen the drug sale, he had heard it over his police radio which was connected to the recording device planted on Bryan and had recognized defendant's voice, with which he was familiar.

Defendant assails the credibility of the two police witnesses, contending that their identification of defendant as the perpetrator was erroneous. It should be noted, however, that "[t]he dangers of misidentification are greatly reduced when the person who views the suspect is a law enforcement officer who is trained to be both accurate and objective in his observations" (*People v Stokes*, 188 AD2d 627, 628; *see, People v Morales*, 37 NY2d 262). In any event, issues of credibility are rightly left for the jury's determination (*see, People v Peterson*, 194 AD2d 124, 129, *lv denied* 83 NY2d 856). The jury's resolution of credibility issues will not be disturbed absent a showing that it is clearly unsupported by the record (*see*, CPL 470.15 [5]; *People v Stokes, supra*). No such showing has been made here.

We have examined defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed.