■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY SCARBROUGH, Appellant. [678 NYS2d 764] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant contends that his second trial was barred by double jeopardy. Because defense counsel consented to County Court's declaration of a mistrial after the jury was sworn in defendant's first trial, defendant has waived any double jeopardy claim (*see, People v Ferguson*, 67 NY2d 383, 388-390; *People v Lawton*, 134 AD2d 454, 455, *lv denied* 71 NY2d 1029). Defendant further contends that the court erred in admitting into evidence tape recordings of the alleged drug sales because the tapes were inaudible and because the People failed to provide him with a transcript of the tapes. The latter contention has not been preserved for our review because defense counsel failed to seek an order compelling the People to provide a transcript of the tapes or sanctioning the People for failing to do so (*see,* CPL 470.05 [2]). Moreover, we reject

defendant's contention that the tapes should have been excluded as inaudible. Having reviewed the tapes, we conclude that they are not "so inaudible and indistinct that a jury must speculate as to [their] contents" (*People v Mincey*, 64 AD2d 615; *see also, People v Watson*, 172 AD2d 882, 883; *People v Warner*, 126 AD2d 788, 789, *lv denied* 69 NY2d 887).

We likewise reject the contention of defendant that he was deprived of effective assistance of counsel. Upon our review of the law, facts and circumstances of this case, we conclude that defendant received meaningful representation (*see, People v Satterfield*, 66 NY2d 796; *People v Baldi*, 54 NY2d 137, 147; *People v Trait*, 139 AD2d 937, 938, *lv denied* 72 NY2d 867).

The sentences of consecutive terms of incarceration are unduly harsh. We modify the judgment, therefore, as a matter of discretion in the interest of justice by providing that the sentences run concurrently. (Appeal from Judgment of Niagara County Court, Fricano, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Callahan, Balio and Fallon, JJ.