■■■ RUDY LAURO, Respondent, v TERRENCE L. BRADLEY et al., Individually and Doing Business as HERITAGE GROUP, Also Known as HERITAGE GROUP AUCTION SERVICE, Appellants. [696 NYS2d 336] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff and defendants executed a contract pursuant to which defendants agreed to auction the contents of plaintiff's painting and hardware stores and contracting business. Plaintiff commenced this action alleging fraud, misrepresentation and breach of contract, and a jury found in favor of plaintiff on the breach of contract theory. Defendants failed to preserve for our review their contention that Supreme Court erred in admitting parol evidence (see, CPLR 5501 [a] [3]). In any event, the "general merger clause [in the contract] is ineffective to exclude parol evidence to show fraud in inducing the contract" (Danann Realty Corp. v Harris, 5 NY2d 317, 320; see, Schooley v Mannion, 241 AD2d 677, 678; Smith v Fitzsimmons, 180 AD2d 177, 181).

We reject defendants' contention that the court erred in admitting in evidence a list of the items sold at the auction. A witness testifying concerning hundreds of items may use a list of those items, and after the witness has testified the list may be admitted in evidence, "not as proving anything of itself, but as a detailed statement of the items testified to by the witness" (Howard v McDonough, 77 NY 592, 594; see, Prince, Richardson on Evidence § 6-221 [Farrell 11th ed]).

Finally, we reject defendants' contention that the court erred in refusing to admit an audio recording in evidence. The court properly exercised its discretion in determining that the recording was so inaudible and indistinct that the jury would have to speculate concerning its content (see, Wilson v Bodian, 130 AD2d 221, 232; cf., People v Scarbrough, 254 AD2d 824, lv denied 92 NY2d 1038; People v Morgan, 175 AD2d 931, 932, lv denied 79 NY2d 861). (Appeal from Judgment of Supreme Court, Onondaga County, Major, J.—Contract.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Scudder, JJ.