FOURTH DEPARTMENT, JUNE, 2000

(June 16, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAYME CLEVELAND, Appellant. [709 NYS2d 751] —Judgment unanimously affirmed. Memorandum: Defendant appeals from

a judgment convicting him of two counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). The conviction arose out of defendant's sale of cocaine to a police informant. There is no merit to defendant's contentions that the People failed to corroborate the informant's testimony, that the tape recording of the transactions between defendant and the informant was improperly admitted in evidence, and that the People failed to establish a sufficient foundation for admission of the cocaine in evidence.

Where, as here, an informant acts as an agent of police without the intent to commit a crime, he is not an accomplice whose testimony must be corroborated (see, People v Cona, 49 NY2d 26, 34; People v Adams, 185 AD2d 680, lv denied 80 NY2d 926; People v Robinson, 139 AD2d 925, lv denied 72 NY2d 865).

Whether a tape recording is sufficiently audible to warrant its admission in evidence is a matter for the exercise of the trial court's discretion (see, People v Lubow, 29 NY2d 58, 68; People v Gandy, 152 AD2d 909, lv denied 74 NY2d 896). A tape recording must be excluded from evidence only if it is so inaudible and indistinct that the jury would have to speculate concerning its contents (see, Lauro v Bradley, 265 AD2d 875; People v Scarbrough, 254 AD2d 824, lv denied 92 NY2d 1038). Although portions of the subject tape recording were inaudible, County Court did not err in admitting it in evidence (see, People v Rivera, 257 AD2d 172, 178, affd 94 NY2d 908; People v Martino, 244 AD2d 875, lv denied 92 NY2d 1035, 93 NY2d 855).

Various witnesses, including the officer who sent the drugs to the lab and received them back, as well as the chemist who tested the drugs at the lab, accounted for the identity and unchanged condition of the drugs based upon their appearance and the case number and other unique markings placed on the evidence bag. Such testimony established an adequate foundation for admission of the drugs in evidence (see, People v Julian, 41 NY2d 340, 342-343; People v Parker, 217 AD2d 946, lv denied 87 NY2d 849; People v Casado, 212 AD2d 1028, 1029, lv denied 85 NY2d 970). Any deficiencies in the chain of custody went to the weight, not the admissibility, of the evidence (see, People v Hooks, 258 AD2d 954, lv denied 93 NY2d 972; People v Casado, supra, at 1029). (Appeal from Judgment of Cayuga County Court, Corning, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Balio and Lawton, JJ.