■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JOHNSON, Appellant. [731 NYS2d 259] —Carpinello, J.

Appeal from a judgment of the Supreme Court (Teresi, J.), rendered September 24, 1997 in Albany County, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant stands convicted of two counts of criminal sale of a controlled substance in the third degree following an undercover operation conducted jointly by the Cohoes Police Department and the State Police on September 16, 1996. According to the trial testimony of State Police Investigator Mary De Santis, she purchased cocaine from defendant on two occasions within a 20-minute period in the parking lot of a fast food restaurant in the City of Cohoes, Albany County. Her testimony was corroborated in significant respects by two Cohoes police detectives and a Cohoes police lieutenant who were located in unmarked police vehicles nearby. The two detectives testified that they observed De Santis and defendant inside the vehicle where the drug transactions actually took place, while the police lieutenant listened to the transaction over a transmitting device. Sentenced on each count to concurrent indeterminate prison terms of 5 to 15 years and 6 to 18 years, respectively, defendant appeals.

We find without merit defendant's initial claim that De Santis's testimony lacked the requisite "accomplice" corroboration (see, CPL 60.22 [1]) thus warranting a reversal in the interest of justice (defendant neither requested an accomplice charge nor objected to the charge as given). De Santis was not an accomplice; rather, she was an undercover police agent with no intent to commit the crimes with which defendant was charged and convicted (see, People v Cona, 49 NY2d 26; People v Robinson, 139 AD2d 925, lv denied 72 NY2d 865; People v Bedoya, 122 AD2d 545, lv denied 68 NY2d 998). Accordingly, her testimony did not need to be—although it certainly was—corroborated. We also reject defendant's claim that the evidence against him was legally insufficient given De Santis' testimony that she twice purchased a substance later identified as cocaine from defendant, as well as the testimony of the other officers involved in the undercover operation that day (see, e.g., People v Walker, 222 AD2d 854, 855, lv denied 89 NY2d 947; People v Turner, 204 AD2d 816, lv denied 83 NY2d 972).

Defendant next claims that Supreme Court erred in denying a defense motion to dismiss a particular juror as "grossly unqualified" (CPL 270.35) because, during the course of the trial, she revealed that she was familiar with the "crime scene." According to the juror, a resident of Cohoes, she regularly drove

by the subject fast food restaurant and had also eaten there.* The underlying basis for defendant's contention that this juror was grossly unqualified, however, is a feigned factual issue.

Specifically, defendant argues that, because "a major issue arose during the trial" concerning the "difficulty" of the three undercover Cohoes police officers to observe the crime scene from their respective vantage points, the juror's familiarity with it was prejudicial in that she could have imparted information that was outside the record to the other jurors. There was no real dispute at trial, however, that the two police detectives were sitting in an unmarked vehicle across the street from the restaurant parking lot and indeed could observe, and did observe, De Santis and defendant in the vehicle where the drug transactions took place. One of them actually took photographs depicting defendant in the parking lot.

As to the police lieutenant's alleged "difficulty" in observing events that day, again there was no real dispute at trial that he in fact could *not* see what was going on because of where his vehicle was parked and that he only listened to the events as they unfolded through a transmitting device. Under these circumstances, this juror's disclosure did not raise a legitimate issue as to whether she was grossly unqualified. Thus, Supreme Court did not abuse its considerable discretion in denying defendant's motion, particularly where, as here, it sufficiently questioned the juror and was convinced through her answers and demeanor that she would refrain from using her knowledge of the scene during deliberations and that such knowledge would not affect her ability to be fair and impartial (*see, People v Buford*, 69 NY2d 290, 299; *People v Bailey*, 258 AD2d 807, 808, *lv denied* 93 NY2d 1001).

As a final matter, finding insufficient extraordinary circumstances, we decline to reduce defendant's sentence.

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.

---

* The disclosure by the juror was prompted by Supreme Court's admonition to jurors not to visit the crime scene.