THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN SERRANO, Appellant. [916 NYS2d 509]—

Appeal by the defendant from a judgment of the County Court, Nassau County (O'Brien, J.), rendered September 25, 2009, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to sentencing, the defendant moved, inter alia, to correct certain alleged misstatements in the presentence investigation report pursuant to CPL 400.10, and the County Court granted the motion to the extent of appending to the report two letters submitted by the defendant, one from his mother and one from a friend, which refuted the challenged statements. In imposing sentence, the County Court expressly eschewed any reliance on the challenged statements. To the extent that those statements could cause any prejudice to the defendant subsequent to the sentencing proceeding, the relief granted in response to his motion was sufficient to prevent such prejudice. Thus, contrary to the defendant's contention, a hearing regarding the accuracy of the challenged statements was not necessary (cf. People v Outley, 80 NY2d 702, 713 [1993]).

Contrary to the defendant's contention, the County Court did not improvidently exercise its discretion in failing to issue a certificate of relief from disabilities. Although, as the County Court correctly determined, the defendant was an "eligible offender" within the meaning of Correction Law § 701 (1) (see Correction Law § 700 [1] [a]), the defendant did not satisfy the further statutory requirements for the issuance of such a certificate by a court. Specifically, under Correction Law § 702 (1), the County Court was not authorized to issue a certificate of relief from disabilities, since the sentence imposed was not a revocable sentence (see Correction Law § 700 [1] [c]), and the defendant was committed to the custody of the Department of Correctional Services. Moreover, the defendant's trial counsel did not render ineffective assistance by failing to request a certificate of relief from disabilities at the sentencing proceeding, since, for the reasons stated above, such a request had no chance of success (see People v Goddard, 72 AD3d 839, 840 [2010]). Prudenti, P.J., Rivera, Lott and Miller, JJ., concur.