# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

580

KA 10-01437

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RICKY BENNETT, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 8, 2010. The judgment convicted defendant, upon a jury verdict, of arson in the third degree and attempted arson in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of arson in the third degree (Penal Law § 150.10 [1]) and attempted arson in the third degree (§§ 110.00, 150.10 [1]). We reject defendant's contention that Supreme Court erred in admitting in evidence a tape-recorded conversation between defendant and his former fiancée. Contrary to defendant's contention, the People laid a proper foundation for the admission in evidence of that recording (*see People v Hurlbert*, 81 AD3d 1430, 1431, *lv denied* 16 NY3d 896; *see generally People v Ely*, 68 NY2d 520, 527), and the court did not abuse its discretion in concluding that the recording was sufficiently audible to warrant its admission in evidence (*see People v Cleveland*, 273 AD2d 787, 788, *lv denied* 95 NY2d 864). Defendant's further contention that the court erred in admitting in evidence the recording of a jailhouse telephone call between defendant and his girlfriend is not preserved for our review (*see generally People v Jacquin*, 71 NY2d 825, 826-827), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the contention of defendant "that the court failed to make an appropriate inquiry into his complaints concerning defense counsel and in response to his request for substitution of counsel. Defendant 'did not establish a serious complaint concerning defense counsel's representation and thus did not suggest a serious

possibility of good cause for substitution [of counsel]' " (*People v Adger*, 83 AD3d 1590, 1591, *lv denied* 17 NY3d 857; *see generally People v Moore*, 41 AD3d 1149, 1150-1151, *lv denied* 9 NY3d 879, 992). In any event, inasmuch as defendant did not subsequently express dissatisfaction with defense counsel or renew his request for new counsel, we conclude under the circumstances of this case that his request for substitution of counsel was abandoned (*see People v Ocasio*, 81 AD3d 1469, 1470, *lv denied* 16 NY3d 898, *cert denied* ___ US ___, 132 S Ct 318).

We also reject the contention of defendant that the court erred in denying that part of his second omnibus motion seeking to sever the counts of the indictment. We conclude that the counts were properly joined inasmuch as "they are 'defined by the same or similar statutory provisions and consequently are the same or similar in law' " (*People v Davis*, 19 AD3d 1007, 1007, *lv denied* 21 AD3d 1442; *see* CPL 200.20 [2] [c]). Defendant " 'failed to meet his burden of submitting sufficient evidence of prejudice from the joinder to establish good cause to sever' " (*People v Ogborn*, 57 AD3d 1430, 1430, *lv denied* 12 NY3d 786; *see* CPL 200.20 [3]), and the court therefore did not abuse its discretion in denying that part of the second omnibus motion (*see People v Owens*, 51 AD3d 1369, 1370-1371, *lv denied* 11 NY3d 740; *People v Dozier*, 32 AD3d 1346, 1346-1347, *lv dismissed* 8 NY3d 880). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Contrary to defendant's further contention, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Finally, the sentence is not unduly harsh or severe.

Entered: April 27, 2012                                    Frances E. Cafarell
                                                           Clerk of the Court