# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

406
KA 12-00376
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                         V                         MEMORANDUM AND ORDER

DOUGLAS A. WEAVER, DEFENDANT-APPELLANT.
_____

DOUGLAS A. WEAVER, DEFENDANT-APPELLANT PRO SE.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF
COUNSEL), FOR RESPONDENT.
------------------------------------------------------------------------

        Appeal from a judgment of the Orleans County Court (James P.
Punch, J.), rendered April 12, 2012.  The judgment convicted
defendant, upon a jury verdict, of criminal possession of a controlled
substance in the fifth degree.

        It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

        Memorandum:  Defendant appeals from a judgment convicting him,
upon a jury verdict, of criminal possession of a controlled substance
in the fifth degree (Penal Law § 220.06 [1]).  Defendant's contention
that he was deprived of a fair trial based on prosecutorial misconduct
on summation is not preserved for our review (*see* CPL 470.05 [2]) and,
in any event, is without merit (*see People v Ward*, 107 AD3d 1605,
1606, *lv denied* 21 NY3d 1078).  Although the prosecutor improperly
vouched for the credibility of the confidential police informant once
during his summation, such conduct was not so egregious as to deny
defendant a fair trial (*see People v Lyon*, 77 AD3d 1338, 1339, *lv
denied* 15 NY3d 954).  Furthermore, the prosecutor's comment that the
evidence was "unrefuted" does not constitute a comment on defendant's
failure to testify (*see People v Tascarella*, 227 AD2d 888, 888, *lv
denied* 89 NY2d 867; *People v Staples*, 212 AD2d 1052, 1052-1053).  "The
remaining instances of alleged prosecutorial misconduct on summation
were either a fair response to defense counsel's summation or fair
comment on the evidence" (*Lyon*, 77 AD3d at 1339 [internal quotation
marks omitted]).

        Defendant contends that the prosecutor also engaged in misconduct
by failing to comply with disclosure requirements.  Specifically,
defendant contends that the prosecutor provided him with an "extremely
inaccurate" transcript of tape-recorded conversations between himself,
the accomplice, and the informant, who was carrying the tape recorder
provided to him by the police in his pocket during the controlled buy.

That contention is likewise unpreserved for our review (*see* CPL 470.05 [2]) and, in any event, is without merit.  Although the transcript contained several errors, defendant was not prejudiced thereby inasmuch as he was also provided with a copy of the tape recording, and the transcript ultimately was deemed inadmissible at trial (*see generally People v Bradley*, 48 AD3d 1145, 1146, *lv denied* 10 NY3d 860).  Contrary to defendant's additional contention, the prosecutor did not engage in misconduct by permitting the informant to review the transcript and tape recording prior to trial (*see generally People v Neff*, 287 AD2d 809, 810).

We reject defendant's contention that County Court erred in admitting the tape recording in evidence.  "Although portions of the recording[] are less than clear, they are not 'so inaudible and indistinct that the jury would have to speculate concerning [their] contents' and would not learn anything relevant from them" (*People v Jackson*, 94 AD3d 1559, 1561, *lv denied* 19 NY3d 1026).  Defendant's related contention that a proper foundation was not laid for the introduction of the tape recording in evidence, or for the introduction of a surveillance video in evidence depicting the events giving rise to the controlled buy, is conclusory and unsupported by the record.  Finally, because the tape recording was properly admitted in evidence, we reject defendant's contention that the court interfered with his right to testify when it ruled that such evidence could be used by the prosecutor in cross-examining him (*see generally People v Cleveland*, 273 AD2d 787, 788, *lv denied* 95 NY2d 864).  We have reviewed defendant's additional contentions regarding the court's rulings on other motions, and we conclude that they are lacking in merit.

Defendant failed to preserve for our review his further contention that the evidence is legally insufficient to support the conviction on the grounds that "the testimony of an alleged accomplice was both uncorroborated and incredible as a matter of law," inasmuch as he "failed to move for a trial order of dismissal on either of those grounds" (*People v Holloway*, 97 AD3d 1099, 1099, *lv denied* 19 NY3d 1026).  In any event, there was sufficient independent evidence tending to connect defendant to the crime (*see People v Moses*, 63 NY2d 299, 306; *People v Kaminski*, 90 AD3d 1692, 1692, *lv denied* 20 NY3d 1100; *see also* CPL 60.22 [1]), and the accomplice's testimony was not incredible as a matter of law (*see generally People v Thibodeau*, 267 AD2d 952, 953, *lv denied* 95 NY2d 805).  Defendant's contention that there was no evidence indicating that he ever possessed the drugs is belied by the record.

With respect to defendant's challenge to the weight of the evidence, we note that "[t]he jury had the opportunity to assess the testimony and credibility of the accomplice, who received favorable treatment in exchange for [her] testimony and who admitted that [she had] lied" about defendant's participation in the crime to other witnesses (*People v Smith*, 32 AD3d 1291, 1292, *lv denied* 8 NY3d 849).  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see People*

*v Bleakley*, 69 NY2d 490, 495).

We further conclude that, contrary to defendant's contention, he was not denied effective assistance of counsel.  Defendant's assertions that defense counsel did not adequately investigate and prepare for trial, failed to introduce exculpatory evidence, and failed to communicate with him are largely "based on matters outside the record on appeal and therefore must be raised by way of a motion pursuant to CPL 440.10" (*People v Roman*, 107 AD3d 1441, 1443, *lv denied* 21 NY3d 1045).  To the extent that those assertions are reviewable on this appeal, we conclude that they lack merit (*see generally People v Baldi*, 54 NY2d 137, 147).

We likewise reject defendant's challenge to defense counsel's representation on the basis of defense counsel's failures to object to admission of the tape recording in evidence, to object to prosecutorial misconduct, to make additional motions, and to object to an alleged violation of the court's *Sandoval* ruling.  None of those failures requires reversal.  "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).  Lastly, defendant's contention that defense counsel failed to adequately cross-examine the People's witnesses is contradicted by the record. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see Baldi*, 54 NY2d at 147).

Entered:  June 13, 2014                        Frances E. Cafarell
                                               Clerk of the Court