██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUN ROGERS, Appellant. [65 NYS3d 830]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered August 15, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sexual act in the first degree (Penal Law § 130.50 [4]), defendant contends that Supreme Court erred in refusing to rule on his request to strike improper material from the presentence report (PSR). Contrary to the People's contention, we conclude that the issue is preserved for our review (*cf. People v Richardson,* 142 AD3d 1318, 1319 [4th Dept 2016], *lv denied* 28 NY3d 1150 [2017]; *People v Sumpter,* 286 AD2d 450, 452 [2d Dept 2001], *lv denied* 97 NY2d 658 [2001]). We further conclude, however, that there is no basis to disturb the judgment. The sentencing court not only afforded defendant ample opportunity to address the purported inaccuracies in the PSR (*see People v Harris,* 121 AD3d 1423, 1424 [3d Dept 2014], *lv denied* 25 NY3d 989 [2015]; *cf. People v James,* 114 AD3d 1312, 1312 [4th Dept 2014]) but, in addition, the court appended to the PSR documents submitted by defendant that were relevant to sentencing. Moreover, the court stated that it was not relying on the challenged statements in the PSR when it sentenced defendant in accordance with the plea agreement (*see People v Russell,* 133 AD3d 1199, 1200 [4th Dept 2015], *lv denied* 26 NY3d 1149 [2016]; *People v Serrano,* 81 AD3d 753, 754 [2d Dept 2011], *lv denied* 17 NY3d 801 [2011]), and thus defendant was not prejudiced by the inclusion of those statements (*see People v Redman,* 148 AD2d 966, 967 [4th Dept 1989], *lv denied* 74 NY2d 745 [1989]). "To the extent that those statements could cause any prejudice to the defendant subsequent to the sentencing proceeding, the relief granted in response to his [request] was sufficient to prevent such prejudice" (*Serrano,* 81 AD3d at 754).

Defendant correctly contends that he had a right to be notified no less than seven days prior to sentencing that the victim's father intended to make a statement at sentencing (*see* CPL 380.50 [2] [b]), and it is undisputed that defendant was not so notified. We conclude that "[t]he error [is] harmless, however, since the oral statement was not so inflammatory that it rendered the sentencing flawed" (*People v Branshaw*, 177 AD2d 1028, 1028 [4th Dept 1991], *lv denied* 79 NY2d 918 [1992]; *see also People v Croskery* [appeal No. 1], 210 AD2d 872, 872 [4th Dept 1994], *lv denied* 85 NY2d 907 [1995]).

Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Carni, Curran and Winslow, JJ.