People v Dalton (2018 NY Slip Op 06390)





People v Dalton


2018 NY Slip Op 06390


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


988 KA 14-02219

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONALD M. DALTON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
RONALD M. DALTON, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered September 2, 2014. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]), and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1], [12]), defendant contends that County Court erred in admitting in evidence a recording of the subject transaction made by law enforcement agents and in allowing the jury to review a transcript of that recording, which was also made by those agents. We reject those contentions. It is well settled that the determination whether to permit the admission of a recording in evidence lies in the sound discretion of the trial court (see People v Rivera, 257 AD2d 172, 176 [1st Dept 1999], affd 94 NY2d 908 [2000]; People v Cleveland, 273 AD2d 787, 788 [4th Dept 2000], lv denied 95 NY2d 864 [2000]), and that there is no abuse of discretion in admitting in evidence recordings having parts that "are less than clear, [so long as] they are not so inaudible and indistinct that the jury would have to speculate concerning [their] contents' and would not learn anything relevant from them" (People v Jackson, 94 AD3d 1559, 1561 [4th Dept 2012], lv denied 19 NY3d 1026 [2012]; see Cleveland, 273 AD2d at 788). "Moreover, it is also within [the] court's discretion to allow the use of transcripts as an assistance once audibility [is] established . . . [The fact] [t]hat the transcripts were not made by an independent third party does not affect the tapes' admissibility once they are found to be audible . . . This is particularly so [where, as, here,] the transcripts themselves are not admitted [in] evidence' " (People v Lopez, 119 AD3d 1426, 1428 [4th Dept 2014], lv denied 25 NY3d 990 [2015]; see People v McIntosh, 158 AD3d 1289, 1291 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). Here, we conclude that the court did not abuse its discretion in admitting in evidence the recordings or in permitting the jury to review the transcript while the recording was being played.
Assuming, arguendo, that defendant's initial motion for a trial order of dismissal was sufficiently specific to preserve his contention that the conviction is not supported by legally sufficient evidence (see generally People v Gray, 86 NY2d 10, 19 [1995]), we conclude that defendant nevertheless failed to preserve his contention for our review because he neglected to renew his motion after presenting evidence (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). In any event, viewing the evidence in the light most favorable to the People, as we must (see People v Conway, 6 NY3d 869, 872 [2006]; People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence "is legally sufficient [inasmuch as] there [*2]is [a] valid line of reasoning and permissible inferences that could lead a rational person to conclude that every element of the charged crime[s] has been proven beyond a reasonable doubt" (People v Delamota, 18 NY3d 107, 113 [2011]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Assuming, arguendo, that defendant preserved for our review his contention that the court erred in declining to order a new presentence investigation report or to strike certain information from that report (cf. People v Richardson, 142 AD3d 1318, 1319 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]; People v Pedro, 134 AD3d 1396, 1397 [4th Dept 2015]; see also People v Jones, 114 AD3d 1239, 1242 [4th Dept 2014], lv denied 23 NY3d 1038 [2014], 25 NY3d 1166 [2015]), we perceive no reason to disturb the sentence on that ground where, as here, there is no "indication that the court relied upon allegedly erroneous information in the presentence report in imposing the sentence" (People v Jaramillo, 97 AD3d 1146, 1148 [4th Dept 2012], lv denied 19 NY3d 1026 [2012]; see People v Judd, 111 AD3d 1421, 1423 [4th Dept 2013], lv denied 23 NY3d 1039 [2014]). To the extent that such information could cause any prejudice to defendant subsequent to the sentencing proceeding, the court noted that the sentencing minutes containing defendant's challenge to the information at issue would be appended to the presentence investigation report, and we conclude that this relief "was sufficient to prevent such prejudice" (People v Serrano, 81 AD3d 753, 754 [2d Dept 2011], lv denied 17 NY3d 801 [2011]; see People v Rogers, 156 AD3d 1350, 1350 [4th Dept 2017], lv denied 31 NY3d 986 [2018]).
Defendant failed to preserve for our review his contention in his pro se supplemental brief that he was deprived of a fair trial by prosecutorial misconduct (see People v Bastian, 83 AD3d 1468, 1468-1469 [4th Dept 2011], lv denied 17 NY3d 813 [2011]). In any event, that contention is based on matters outside the record on appeal and thus must be raised by a motion pursuant to CPL article 440 (see People v Hoeft, 42 AD3d 968, 969 [4th Dept 2007], lv denied 9 NY3d 962 [2007]; see generally People v Williams, 48 AD3d 1108, 1109 [4th Dept 2008], lv denied 10 NY3d 872 [2008]).
We have considered the remaining contentions in defendant's main and pro se supplemental briefs, and we conclude that they lack merit.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court