People v Reid (2019 NY Slip Op 04565)





People v Reid


2019 NY Slip Op 04565


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


504 KA 17-00287

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EWAN REID, DEFENDANT-APPELLANT. 






JOHN A. HERBOWY, ROME, FOR DEFENDANT-APPELLANT.
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (MICHELLE K. FASSETT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Herkimer County Court (John J. Brennan, A.J.), rendered May 10, 2012. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences imposed run concurrently with each other and consecutive to the sentence imposed in Oneida County Court, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), arising from two separate incidents in which defendant sold crack cocaine to confidential informants. Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence inasmuch as his "motion for a trial order of dismissal was not specifically directed at the alleged errors asserted on appeal" (People v Streeter, 166 AD3d 1509, 1510 [4th Dept 2018], lv denied 32 NY3d 1210 [2019]; see People v Pittman, 109 AD3d 1080, 1081-1082 [4th Dept 2013], lv denied 22 NY3d 1043 [2013]; see generally People v Gray, 86 NY2d 10, 19 [1995]).
In any event, we reject that challenge. Contrary to defendant's contention, the testimony of the two confidential informants was not incredible as a matter of law, i.e., their testimony was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Ponzo, 111 AD3d 1347, 1348 [4th Dept 2013] [internal quotation marks omitted]; see People v Tuff, 156 AD3d 1372, 1374 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, [we] must give [g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (People v Harris, 15 AD3d 966, 967 [4th Dept 2005], lv denied 4 NY3d 831 [2005], quoting People v Bleakley, 69 NY2d 490, 495 [1987]), and we perceive no reason to disturb the jury's credibility determinations (see id.). In addition, the People introduced audio recordings of the transactions, the testimony of the law enforcement officers who supervised the controlled purchases, monitored the transactions, and made the audio recordings of the events, and expert testimony establishing that the substances sold contained cocaine. Thus, viewing the evidence in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]), we conclude that the evidence is legally sufficient to support the conviction (see generally Bleakley, 69 NY2d at 495). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant contends that County Court erred in admitting in evidence the audio recordings of the subject transactions. We reject that contention. "It is well settled that the [*2]determination whether to permit the admission of a recording in evidence lies in the sound discretion of the trial court" (People v Dalton, 164 AD3d 1645, 1645 [4th Dept 2018], lv denied 32 NY3d 1170 [2019]; see People v Cleveland, 273 AD2d 787, 788 [4th Dept 2000], lv denied 95 NY2d 864 [2000]), and a "recording must be excluded from evidence only if it is so inaudible and indistinct that the jury would have to speculate concerning its contents" (Cleveland, 273 AD2d at 788; see People v Lopez, 119 AD3d 1426, 1428 [4th Dept 2014], lv denied 25 NY3d 990 [2015]; see also People v Bennett, 94 AD3d 1570, 1570 [4th Dept 2012], lv denied 19 NY3d 994 [2012], reconsideration denied 19 NY3d 1101 [2012]). Here, defendant does not contend that the recordings are inaudible and, contrary to his contention, a chain of custody is "not a requirement [for the admission of audio] recordings" (People v Ely, 68 NY2d 520, 527-528 [1986]). Consequently, we conclude that the court did not abuse its discretion in admitting the recordings in evidence.
We reject defendant's contention that he was denied effective assistance of counsel based on, inter alia, his attorneys' failure to move to suppress the audio recordings of the transactions on audibility grounds. "There can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]), and our review of the record, including listening to the recordings, establishes that such a motion had little or no chance of success. Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Defendant's further challenges to the assistance provided by defense counsel are based on matters outside the record, therefore they " must be raised by way of a motion pursuant to CPL 440.10' " (People v Weaver, 118 AD3d 1270, 1272 [4th Dept 2014], lv denied 24 NY3d 965 [2014]).
Defendant further contends that the sentence is unduly harsh and severe. It is well settled that this Court's "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (People v Delgado, 80 NY2d 780, 783 [1992]), and that "we may substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence' " (People v Johnson, 136 AD3d 1417, 1418 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]). Here, the record establishes that defendant was 35 years old at the time of these events, and that his only prior record consisted of misdemeanor offenses. He was convicted in Oneida County Court of a similar offense to these crimes, arising from an incident that occurred contemporaneously with these crimes, and he was sentenced to a determinate term of two years' incarceration plus two years' postrelease supervision on that conviction. The crimes at issue involved sales of small amounts of cocaine, and the record contains no indication that defendant is a large-scale drug dealer. Although prior to trial the court had agreed that, if defendant pleaded guilty, it would impose a sentence of four years' incarceration on each count to run concurrent with each other and the Oneida County sentence, after the trial the court imposed determinate terms of seven years' incarceration plus two years' postrelease supervision on each count, to run consecutively to each other. Under the circumstances, we conclude that the sentence imposed is unduly harsh and severe. We therefore modify the judgment as a matter of discretion in the interest of justice by directing that the sentences run concurrently with each other but consecutive to the prior sentence imposed in Oneida County (see CPL 470.15 [6] [b]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court