## (September 22, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC NORDSTROM, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 19, 1981, upon a verdict convicting defendant of the crime of robbery in the first degree and of two counts of the crime of robbery in the second degree. Early in the morning of April 8, 1979, defendant and another man entered the Mad Hatter bar and restaurant in the Town of Guilderland wearing ski masks. The other man wielded an unloaded pistol. Defendant escorted a waitress to a back room while the other individual directed the bartender to place the contents of two cash registers, approximately $1,000, into a bag. Defendant and his partner then handcuffed the waitress and bartender and escaped. About one year later, defendant's partner, one Eric Vasquez, while incarcerated for another crime, gave a statement to the police regarding the above-described incident. Vasquez eventually pleaded guilty to robbery for his part in the incident and testified at defendant's trial as the chief prosecution witness. Defendant was charged with two counts of first degree robbery and one count of second degree robbery. After trial the court, without objection by the People, reduced one of the counts of first degree robbery (Penal Law, § 160.15, subd 4) to second degree robbery and, accordingly, submitted for jural consideration one count of first degree robbery (Penal Law, § 160.15, subd 3) and two counts of second degree robbery. The jury returned a verdict of guilty on all three counts. This appeal ensued. The People concur with defendant's argument that the conviction of robbery in the first degree based on subdivision 3 should be reversed. Accordingly, we need only address the conviction of two counts of second degree robbery. Defendant urges that County Court erred in not charging that defendant's wife, who testified against him, was an accomplice such that corroboration of her testimony was required. County Court did rule that Vasquez was an accomplice, but left the issue of whether defendant's wife was an accomplice to the jury. The People argue that this issue has not been preserved for appellate review. No request to charge was made on this point, nor was an exception taken to the charge. Moreover, the motions to dismiss made at the close of the prosecution's case and at the end of the trial did not preserve this issue since they challenged the testimony of Vasquez as uncorroborated accomplice testimony and not that of defendant's wife. Thus, we conclude that this issue was not preserved for appellate review (CPL 470.05, subd 2). Even if the issue was preserved for review, we would reject it since the testimony concerning the role, if any, which defendant's wife played in the robbery is susceptible to different interpretations such that the issue was properly left to the jury (see *People v Basch,* 36 NY2d 154). Defendant's other contention, that he was improperly denied the right to impeach the testimony of a prosecution witness, is without merit. A cross-examiner is bound by the answers of the witness concerning collateral matters inquired into solely to affect credibility and may not refute the witness' answers by calling other witnesses or by producing extrinsic evidence (Richardson, Evidence [10th ed], § 491, p 477). Since the matter explored by defendant's attorney on cross-examination of the prosecution witness was a collateral issue and was inquired into solely to impeach the credibility of the witness, defense counsel's attempt to elicit further testimony from another witness on the matter was properly denied. Since the sentencing minutes show that the trial court only sentenced defendant for a single count of robbery in the second degree, despite the jury's verdict of two separate convictions of robbery in the second degree, the matter must be remanded for resentencing. Judgment modified, on the law and the facts, by reversing

defendant's conviction of the crime of robbery in the first degree and dismissing the first count of the indictment, matter remitted to the County Court of Albany County for resentencing, and, as so modified affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.