■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE McCOLLY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for review his contention that the court committed error in elaborating on the plain language of CPL 300.10 (2) *(see, People v Autry,* 75 NY2d 836, 838-839). Were we to reach the issue, we would conclude that the court did not err. Because of defendant's request for an instruction to cure the prosecutor's error in referring to defendant's failure to take the witness stand, the trial court properly gave a more emphatic charge *(see, People v Jalah,* 107 AD2d 762).

By not requesting a charge on the defense of justification, and by not excepting to the charge as given, defendant failed to preserve for review his contention that the court erred in not charging the jury on justification *(see, People v Ramirez,* 151 AD2d 617, *lv denied* 74 NY2d 851; *People v Nordstrom,* 96 AD2d 1125).

Inasmuch as the evidence shows that defendant's possession of the loaded handgun with intent to use it unlawfully against another was a separate and distinct act from his reckless killing of the victim, the court properly imposed consecutive sentences for the crimes of manslaughter in the second degree and criminal possession of a weapon in the second degree *(see, People ex rel. Maurer v Jackson,* 2 NY2d 259, 264; *People v Robbins,* 118 AD2d 820, *lv denied* 67 NY2d 949). (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Manslaughter, 2nd Degree.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.