■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELKANAH REID, Appellant. [596 NYS2d 282] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for review his present contention that County Court abused its discretion by failing to impose a sanction upon the People for a *Rosario* violation *(People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765). Defendant cannot rely upon an objection by codefendant's counsel to preserve the issue *(see,* CPL 470.05 [2]; *People v Buckley,* 75 NY2d 843, 846), and we decline to reach the issue in the interest of justice.

County Court properly denied defendant's motion for a severance. The proof against both defendants was supplied by the same evidence and defendant failed to offer a "cogent reason" for severance *(People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905). No *Bruton* violation *(see, Bruton v United States,* 391 US 123) occurred because the codefendant's statement was not admitted on the People's direct case, but was used only for impeachment of the codefendant on cross-examination.

Defendant failed to preserve for review his present argument that the chemist's testimony was insufficient to prove the accuracy of the scale she used to weigh the cocaine (CPL 470.05 [2]; *People v Dien,* 77 NY2d 885). We decline to reach the issue in the interest of justice. (Appeal from Judgment of Monroe County Court, Celli, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Callahan, J. P., Pine, Fallon, Doerr and Boehm, JJ.