■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL KLAVOON, Appellant. [617 NYS2d 252] —Judgment unanimously affirmed. Memorandum: We reject the contention that County Court erred in denying defendant's motion to dismiss the indictment on speedy trial grounds *(see,* CPL 30.30). The seven-day period between the time that defendant failed to appear in court and the time that the Cheektowaga Police Department attempted to locate him at his place of employment and at his parents' house was properly excluded from the time chargeable to the People as reasonable administrative delay inherent in the processing of a warrant *(see, People v Davis,* 205 AD2d 697; *People v Marrin,* 187 AD2d 284, 286, *lv denied* 81 NY2d 843).

The court did not err in seating the alternate juror after a sworn juror was discharged. The fact that the alternate juror was acquainted with the mother of one of the prosecution witnesses did not render her "grossly unqualified" pursuant to

CPL 270.35. The alternate juror had last seen the witness five or six years earlier, when the witness was a child.

Defendant failed to object to the prosecutor's comments on summation and the issue of prosecutorial misconduct is therefore not preserved for review *(see,* CPL 470.05 [2]). Defendant cannot rely upon the objection made by co-defendant's counsel to preserve the issue *(see, People v Buckley,* 75 NY2d 843, 846; *People v Reid,* 192 AD2d 1117, *lv denied* 81 NY2d 1078).

Finally, the sentence is not harsh or excessive. (Appeal from Judgment of Erie County Court, Rogowski, J.—Sodomy, 1st Degree.) Present—Lawton, J. P., Fallon, Wesley, Callahan and Davis, JJ.