■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATHON CALDWELL, Appellant. [634 NYS2d 331] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in denying his motion to suppress evidence on the ground that he did not voluntarily consent to be searched by the police. We disagree. The People bear the heavy burden of establishing, from the totality of the circumstances, that a consent to search was freely and voluntarily given (see, People v Gonzalez, 39 NY2d 122, 128). The factors to be considered in determining the voluntariness of a consent to search are whether the accused was in custody at the time consent was given; whether the accused knew that he could refuse to consent; whether the police employed threats or other coercive techniques; whether the accused had previous dealings with the police; and whether the accused had, prior to giving consent, exhibited evasive or uncooperative behavior (see, People v Jakubowski, 100 AD2d 112, 116).

Here, defendant was not in custody when he consented to the search and had not exhibited any evasive or uncooperative behavior. The consent to search was requested by two uniformed officers, without the use of any threats or other coercive techniques. The record further shows that defendant was accustomed to dealing with the police. Although defendant was not told that he had the right to refuse to consent, the totality

of the circumstances establishes that defendant voluntarily consented to the search, and thus, the court properly denied defendant's motion to suppress *(see, People v Walton,* 144 AD2d 180, *lv denied* 73 NY2d 897; *People v Zimmerman,* 101 AD2d 294, 295-297; *People v Jakubowski, supra).*

We reject the contention of defendant that the court erred in admitting testimony from police officers concerning their prior drug enforcement experience, the significance of certain types of drug packaging, and the common activities of participants in drug sales. That evidence is admissible to establish that defendant's possession of the cocaine was with intent to sell *(see, People v Greer,* 213 AD2d 1073; *People v Polanco,* 169 AD2d 551, *lv denied* 77 NY2d 965; *see also, People v Smith,* 213 AD2d 1074).

We likewise reject the contention of defendant that the cocaine was improperly admitted because of deficiencies in the chain of custody. Deficiencies in the chain of custody of property go to the weight rather than the admissibility of that evidence, as long as the requirements of proof of identity and unchanged condition are met *(see, People v Julian,* 41 NY2d 340, 343). Here, trial testimony provided reasonable assurance that the items taken from defendant were the same items as those analyzed by the police laboratory and that no tampering had occurred. The court, therefore, properly admitted the cocaine into evidence *(see, People v Casado,* 212 AD2d 1028, *lv denied* 85 NY2d 970; *People v Flores,* 138 AD2d 512, 513, *lv denied* 72 NY2d 859).

We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Fallon, Callahan, Davis and Boehm, JJ.