■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO JIMENEZ, Appellant. [650 NYS2d 759] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered July 28, 1994, convicting him of criminal sale of a controlled substance in the first degree (two counts) and criminal possession of a controlled substance in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Where, as here, the testimony of the undercover police officer, combined with the testimony of the Police Department's chemists, provides adequate assurances of the identity and the unchanged condition of the contraband (see, People v Stephens, 189 AD2d 837), the gap in the chain of custody between the officer's sealing the vouchered narcotics envelope and the chemists' receipt of the envelope does not bar its admission into evidence (see, People v Wilson, 150 AD2d 628). Such deficiencies are resolved by the jury in its evaluation of the weight of the evidence (see, People v Julian, 41 NY2d 340).

Viewing the evidence in the light most favorable to the pros-

ecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., O'Brien, Thompson and McGinity, JJ., concur.