■ The People of the State of New York, Appellant, v Michael Luffman, Respondent. [650 NYS2d 354] —Mikoll, J. P. Appeal from an order of the County Court of Schenectady County (Scarano, Jr., J.), entered August 2, 1995, which partially granted defendant's motion to suppress evidence and dismissed the third count of the indictment.

Defendant was indicted for criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, bribery in the first degree and unlawful possession of marihuana.

The testimony of the People's witnesses offered at the suppression hearing disclosed that Police Officer Christopher Wrubel, while at a friend's home on November 2, 1994 at 11:30 P.M., noticed a vehicle in a nearby store parking lot, its engine running and the occupant beaming what appeared to be a flashlight inside the car. Wrubel suspected that a larceny was occurring. Eventually, the driver exited the vehicle, walked around it, bent down near the rear of the passenger side and

returned to the car. A second vehicle then drove into the lot and parked alongside. An exchange of items occurred and the cars drove off in different directions. Wrubel called for a police unit to be dispatched to the scene. He indicated that a drug deal had occurred and directed them to defendant's vehicle.

Defendant was pulled over by Police Officers Michael Hamilton and Stephen La Vare a few blocks away. Defendant was queried as to where he was coming from, whom he had met with and what was exchanged between them. Defendant denied that any exchange had occurred. Upon seeing "green vegetable like matter" in the ashtray of the car, Hamilton asked defendant to get out of the car and subjected him to a frisk, during which cocaine was found in defendant's waistband and $3,966 in his pocket. Defendant was arrested and placed in the back seat of the police vehicle. No *Miranda* warnings were given to defendant.

While in the police vehicle, defendant started banging his head on the car window. Hamilton opened the rear door and defendant made a statement regarding the possession of drugs, that is, that he had an eight ball in his jeans and some crack in his mouth. Defendant spat a substance out of his mouth and the officer proceeded to seize it and also the drugs from defendant's pant pocket.

Upon further police inquiry, defendant identified the person in the other car as John Durant and said that he had just sold him one-half ounce of cocaine. Defendant was asked if there were any other objects in the car, to which he replied "that he just had roaches in the ashtray". This statement by defendant was set forth in a CPL 710.30 notice served on defendant. At this point, Wrubel, dressed in a bathrobe, walked up to the car. Defendant mouthed a threat to him—"you are a dead man"—from within the car.

Defendant was then transported to the police station in the police car during which time defendant continued to talk in despair that his life was over. The officers commiserated with him. Upon arrival at the police station, Hamilton exited the vehicle and continued with the paperwork on the seizure of defendant's car. Defendant remained in the car with La Vare, to whom he said, "Why don't you guys split up the money and let me go. I'm not going to tell anybody and who are they going to believe me or you?" This statement was set forth in a CPL 710.30 notice and served on defendant.

Hamilton commented on the crack cocaine found in defendant's waistband in La Vare's and defendant's presence and said, "This is like two ounces." To which defendant said, "No,

it's not. It is .67 grams." This statement was set forth in a CPL 710.30 notice served on defendant. After a suppression hearing, County Court found defendant's initial stop to be legal and his arrest for possession of marihuana legally justified.

All of defendant's statements were suppressed as products of police-initiated custodial interrogation, none of which was preceded by *Miranda* warnings and found to be involuntarily made. County Court ruled that defendant was under arrest when the statements were made and found, without particularization, that some of the statements were the result of ongoing conversations between defendant and the police, or between both officers, or as a result of police conduct by the officers which was reasonably likely to elicit a response from defendant.

The People appeal the suppression of all the statements and, alternatively, appeal the suppression of the statements underlying the bribery offer which they contend should have survived the suppression of the other statements. The People urge on this appeal that two statements suppressed by County Court were spontaneous utterances of defendant and were not elicited from him by any impermissible conduct on the officers' part. These included the statement uttered to police by defendant after they opened the car door when defendant commenced hitting his head on the car window and in which he admitted the possession of drugs on his person. The second spontaneous statement was defendant's mouthing of "you are a dead man" while in the back seat of the car to Wrubel who had approached the car.

As to both these statements we agree with the People's position that the statements were spontaneous. We note that the officers were out of the car on both occasions. As to the first statement, defendant's action properly prompted the officer's opening of the car door and, without more, defendant blurted out the incriminating admission of drug possession. Nothing on the officer's part prompted this statement, nor was it in answer to police inquiry or actions.

Defendant's second statement also was not prompted by the officers' conduct. Once again, the officers were out of the police car. It was a spontaneous act on defendant's part brought on by the approach of Wrubel. We hold that both statements are admissible as spontaneous utterances (*see, People v Chase*, 85 NY2d 493).

As to the statements referring to defendant's admission of sale of cocaine to Durant, to his admission that he had roaches in the car ashtray, and his statement as to the weight of the

cocaine seized from defendant's person, these were elicited from defendant by the police by their actions and conversations after defendant had been arrested and had not been accorded *Miranda* warnings. County Court properly found that these were involuntarily made (*see, People v Allnutt*, 148 AD2d 993, *lv denied* 74 NY2d 736) and properly suppressed them.

As to the statements made by defendant offering a bribe to the officers, we find that these statements were made spontaneously to La Vare without any importuning on the officer's part. The statement constituted an independent crime and though other statements made by defendant in the course of his involvement with the police on this occasion were deemed involuntarily made because of the failure to accord defendant his *Miranda* rights, the legal protection of *Miranda* as to the crimes for which he was already in custody did not extend to a new crime committed in the officer's presence. County Court erred in suppressing such statement (*see, generally, People v Middleton*, 54 NY2d 474).

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as granted the motion to suppress the two spontaneous statements made by defendant and dismissed the third count of the indictment; motion denied to that extent and said count of the indictment is reinstated; and, as so modified, affirmed.