■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMIE T. BELL, Appellant. [652 NYS2d 448] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of rape in the first degree (Penal Law § 130.35 [1]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) for engaging in sexual intercourse with a homeless woman by forcible compulsion. Upon our review of the record, we conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The testimony of the victim, although some-

what inconsistent, was not incredible as a matter of law (*see, People v Jackson*, 161 AD2d 1154; *People v Christian*, 139 AD2d 896, *lv denied* 71 NY2d 1024), and her credibility was a matter for the jury to resolve (*see, People v Bleakley, supra*, at 495).

Defendant specifically requested Supreme Court to give a "no adverse inference" charge (*see*, CPL 300.10 [2]) and did not object to the charge as given. Thus, defendant failed to preserve for our review his contention that the court committed error in elaborating on the plain language of CPL 300.10 (2) (*see*, CPL 470.05 [2]; *People v Autry*, 75 NY2d 836, 838-839; *People v McColly*, 186 AD2d 1009, *lv denied* 81 NY2d 764). Although the court would have been better advised to confine its charge to the language of the statute, we conclude that the charge as given does not require reversal as a matter of discretion in the interest of justice.

Defendant further contends that misconduct by the prosecutor during his opening statement and summation deprived defendant of a fair trial. Defendant failed to object to any of the alleged instances of misconduct and thus has failed to preserve the issue for our review (*see*, CPL 470.05 [2]; *People v Pringle*, 226 AD2d 1072, *lv denied* 88 NY2d 940; *People v Klavoon*, 207 AD2d 979, 980, *lv denied* 84 NY2d 908). In any event, although some of the comments made by the prosecutor were improper, we conclude that they were not so egregious that they deprived defendant of a fair trial (*see, People v Hopkins*, 58 NY2d 1079, 1083; *People v Galloway*, 54 NY2d 396, 401; *People v Baris*, 161 AD2d 1144, *lv denied* 76 NY2d 852). (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Rape, 1st Degree.) Present—Denman, P. J., Lawton, Callahan, Balio and Boehm, JJ.