THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WILEY, Appellant. [714 NYS2d 914] —Judgment unanimously affirmed. Memorandum: After Supreme Court concluded its charge but before the jury began deliberating, the prosecutor requested a further charge on the permissible inference that may be drawn from the recent, exclusive and unexplained possession of the fruits of a burglary (*see,* 1 CJI[NY] 9.80, at 562). We reject defendant's contentions that the court erred in giving that charge absent a request by the jury for additional instructions (*see,* CPL 300.10 [5]) and that the further charge was improper (*see, People v Durgey,* 186 AD2d 899, 902, *lv denied* 81 NY2d 788). (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Burglary, 3rd Degree.) Present—Green, J. P., Pine, Hayes, Hurlbutt and Kehoe, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CRAYTON, Appellant. [714 NYS2d 915] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that County Court erred in admitting the cocaine in evidence at trial because of deficiencies in the chain of custody. "Deficiencies in the chain of custody of property go to the weight rather than the admissibility of that evidence, as long as the requirements of proof of identity and unchanged condition are met" (*People v Caldwell,* 221 AD2d 972, 973, *lv denied* 87 NY2d 920; *see, People v Julian,* 41 NY2d 340, 343; *People v Cleveland,* 273 AD2d 787). The cocaine was properly admitted where, as here, the trial testimony provided adequate assurances that the cocaine taken from defendant was the same as that analyzed by the police laboratory and that no tampering had occurred (*see, People v Cleveland, supra; People v Jimenez,* 233 AD2d 465, *lv denied* 89 NY2d 924; *People v Caldwell, supra,* at 973). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Fricano, J.— Criminal Sale Controlled Substance, 3rd Degree.) Present— Green, J. P., Pine, Hayes, Hurlbutt and Kehoe, JJ.