■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR EVANS, Appellant. [734 NYS2d 916] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of rape in the first degree (Penal Law § 130.35 [1]) and assault in the second degree (Penal Law § 120.05 [2]) and sentencing him as a persistent violent felony offender to concurrent terms of incarceration of 25 years to life. We reject the contention of defendant that Supreme Court erred in refusing to suppress the physical evidence seized from him. Even assuming, arguendo, that the initial stop and frisk of defendant was unlawful, we conclude that the causal connection between the allegedly unlawful stop and frisk was sufficiently attenuated from the subsequent seizure of the physical evidence to purge any taint (*see, People v Butler,* 80 AD2d 644, 645; *see also, Wong Sun v United States,* 371 US 471, 486). We also reject defendant's contention that the court abused its discretion by its *Sandoval* ruling. The court properly weighed the probative value of evidence of defendant's prior convictions against the risk of unfair prejudice to defendant (*see, People v Pavao,* 59 NY2d 282, 292; *see also, People v McCullough,* 254 AD2d 750, *lv denied* 92 NY2d 1035). We further conclude that defendant was not denied effective assistance of counsel (*see, People v Benevento,* 91 NY2d 708, 712; *People v Baldi,* 54 NY2d 137, 147).

Defendant failed to preserve for our review his further contentions that the evidence is legally insufficient to support the conviction (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19) and that he was denied a fair trial by prosecutorial

misconduct (*see,* CPL 470.05 [2]; *People v Klavoon,* 207 AD2d 979, *lv denied* 84 NY2d 908), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We further conclude that the court properly sentenced defendant as a persistent violent felony offender in accordance with the procedure set forth in CPL 400.16 (*see,* Penal Law § 70.08 [a]). The sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Erie County, Buscaglia, J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Burns, JJ.