THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUBREY LOUIS HODGE, Appellant. [768 NYS2d 907]—

Appeal from a judgment of Supreme Court, Monroe County (Sirkin, J.), entered July 9, 2002, convicting defendant upon his plea of guilty of unlawful imprisonment in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of unlawful imprisonment in the first degree (Penal Law § 135.10). Defendant contends that Supreme Court erred in denying without a hearing his motion

to suppress évidence obtained as a result of an allegedly unlawful search and seizure. We disagree. Defendant failed to make a sufficient factual showing to require a hearing (*see* CPL 710.60 [3] [b]; *see generally People v Dixon,* 85 NY2d 218, 221 [1995]; *People v Mendoza,* 82 NY2d 415, 426 [1993]). If there is "no dispute as to the underlying facts, but only as to application of the law to the facts, . . . the motion [can] be determined on papers alone" (*Mendoza,* 82 NY2d at 427). Here, it is undisputed that the police responded to defendant's home to remove defendant's girlfriend on a mental health arrest. Defendant was outside the house when the police arrived, and was yelling loudly and behaving wildly, but he eventually acquiesced in an officer's request for him to go back inside the house. After an ambulance took defendant's girlfriend to the hospital, the officer went back to defendant's house to see whether anyone was injured. As the officer approached the house, defendant slammed and locked the door and ran around the house closing and locking the windows while yelling threats to the officer. At about the same time, a child inside the house yelled to the police from a window upstairs that defendant was going crazy and asked the police to remove defendant from the house. The officer asked the child to toss him the keys to the house, which the child did, and the officer entered the house. Based on those circumstances, the court properly concluded that the police were justified in entering the house under the emergency exception to the warrant requirement (*see generally People v Molnar,* 98 NY2d 328, 332 [2002]). Defendant's conclusory allegations that the child was not in danger and that there were no exigent circumstances are insufficient to raise an issue of fact requiring a hearing (*see People v Graham,* 258 AD2d 387 [1999], *lv denied* 93 NY2d 899 [1999]). Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.