THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVEN J. ELLIS, Appellant. [771 NYS2d 471]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered January 5, 2000. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), criminal possession of a weapon in the fourth degree (§ 265.01 [4]), and menacing in the second degree (§ 120.14 [1]). Those charges arose out of an incident in which defendant threatened a police investigator by brandishing a rifle when the investigator attempted to arrest defendant at his home pursuant to a Texas arrest warrant.

County Court properly refused to suppress the investigator's observations during the initial entry into the home as well as the rifle and ammunition subsequently seized by police upon their reentry. Such evidence is immune from suppression pursuant to the attenuation doctrine (*see generally Wong Sun v United States,* 371 US 471, 486-488 [1963]; *People v Townes,* 41 NY2d 97, 101-102 [1976]; *People v Evans,* 289 AD2d 994 [2001], *lv denied* 97 NY2d 728 [2002]). Further, the exclusionary rule does not require suppression of what police saw and heard when defendant, in being confronted in his home following an alleged *Payton* violation, undertook the commission of a new and independent crime (*see United States v Pryor,* 32 F3d 1192, 1196 [1994]; *United States v Waupekenay,* 973 F2d 1533, 1537-1538 [1992]; *United States v Garcia-Jordan,* 860 F2d 159, 160-161 [1988]; *see also People v Van Duser,* 277 AD2d 1034, 1035 [2000], *lv denied* 96 NY2d 739 [2001]; *People v Luffman,* 233 AD2d 726, 729 [1996], *lv denied* 89 NY2d 943 [1997]). In addition, we conclude that the officer's reentry into the house to seize the rifle and ammunition was justified by exigent circumstances, inasmuch as the police had "reasonable grounds to believe that there [was] an emergency at hand and an immediate need for their [intervention] for the protection of life or property" (*People v Mitchell,* 39 NY2d 173, 177 [1976], *cert denied* 426 US 953 [1976]; *see People v Molnar,* 98 NY2d 328, 331-332 [2002]; *People v Johnson,* 181 AD2d 103, 105-106 [1992], *affd* 81 NY2d 980 [1993]; *People v Parker,* 299 AD2d 859, 860 [2002]; *People v Adams,* 236 AD2d 293 [1997], *lv denied* 90 NY2d 854 [1997]). In any event, the seizure of that tangible evidence upon the reentry into the house is, no less than the earlier police observations,

immune from suppression under the attenuation and independent crime doctrines (*see Waupekenay*, 973 F2d at 1538; *see also Pryor*, 32 F3d at 1196).

We have considered the remaining contentions of defendant, including his challenges to the validity of the guilty plea, and we conclude that those contentions are without merit. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.