THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISREAL SHAW, Appellant. [778 NYS2d 251]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered November 1, 2001. The judgment convicted defendant, upon a jury verdict, of attempted assault in the first degree, criminal possession of a weapon in the third degree and reckless endangerment in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), criminal possession of a weapon in the third degree (§ 265.02 [1]) and two counts of reckless endangerment in the first degree (§ 120.25). Contrary to the contention of defendant, Supreme Court properly denied his request for an intoxication charge. "A charge on intoxication should be given if there is sufficient evi-

dence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (*People v Perry,* 61 NY2d 849, 850 [1984]; *see People v Gaines,* 83 NY2d 925, 927 [1994]). Viewing the evidence in the light most favorable to defendant, as we must, we conclude that defendant failed to establish his entitlement to the charge (*see Gaines,* 83 NY2d at 926-927). There is no evidence in the record before us "concerning the number of drinks consumed by defendant; the time period during which he may have consumed them; whether the drinks contained alcohol; or the physical effects, if any, that the consumption of alcohol may have had on defendant's behavior or mental state" (*People v Hill,* 255 AD2d 969, 969 [1998], *lv denied* 92 NY2d 1050 [1999]).

Defendant further contends that the court erred in denying his suppression motion because his consent to search his apartment was not voluntarily obtained. We reject that contention. The record establishes that defendant, who has a criminal history, was not in custody and that he voluntarily left his apartment upon the request of the police that he do so. The record further establishes that, once outside the apartment building, defendant cooperated with the police and the search of his apartment. The record establishes that the consent to search was requested "without the use of any threats or other coercive techniques . . . [and] that defendant was accustomed to dealing with the police" (*People v Caldwell,* 221 AD2d 972, 972 [1995], *lv denied* 87 NY2d 920 [1996]; *see generally People v Gonzalez,* 39 NY2d 122, 128-129 [1976]). Based on the totality of the circumstances, we conclude that defendant voluntarily consented to the search of his apartment (*see Caldwell,* 221 AD2d at 972-973). Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.