■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATIEK JOHNSON, Appellant. [793 NYS2d 624]—

Cardona, P.J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered October 22, 2003, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Acting on information supplied to him concerning drug activity at defendant's residence, City of Kingston police detective Robert Henry responded to the home and encountered defendant on the stairway as he was leaving his apartment. Henry informed defendant that he was investigating drug activity and allegedly received defendant's consent to enter the apartment. When marihuana was subsequently found in plain view in defendant's home, defendant was placed under arrest and given his *Miranda* rights. A subsequent search of defendant yielded plastic baggies containing cocaine.

Defendant was subsequently indicted and charged with one count each of criminal possession of a controlled substance in the third and fourth degrees. Thereafter, following County Court's denial of defendant's motion to suppress, defendant pleaded guilty to the top count of the indictment (*see* Penal Law § 220.16 [1]) and was sentenced to $5^1/_2$ to 11 years in prison. Defendant appeals, claiming that County Court's suppression ruling was in error.

We begin with the well-established maxim that the factual findings of the suppression court "are entitled to great deference and will not be disturbed unless clearly erroneous" (*People v Kreydatus*, 305 AD2d 935, 936 [2003], *lv denied* 100 NY2d 595 [2003]; *see People v Muniz*, 12 AD3d 937, 938 [2004]; *People v MacGilfrey*, 288 AD2d 554, 555-556 [2001], *lv denied* 97 NY2d 757 [2002]). In the instant matter, County Court concluded that defendant was not in police custody until he was placed under formal arrest following the discovery of marihuana in his bedroom and the discovery of the marihuana itself flowed from defendant's voluntary consent to the police entry into his apartment. We find these factual determinations to be supported by the record.

On the issue of custody, it has long been the rule that the relevant inquiry is " 'what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position' " (*People v Hicks*, 68 NY2d 234, 240 [1986], quoting *People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *see People v Hansen*, 290 AD2d 47, 53 [2002], *affd* 99 NY2d 339 [2003]). At the suppression hearing, Henry testified that, upon initially encountering defendant, with whom he was already acquainted, he informed defendant that he was there to investigate

narcotics activity and inquired as to whether there were any other individuals in defendant's apartment. Defendant was cooperative and answered Henry's inquiry in the negative. Henry further testified that, after receiving the consent of defendant to enter the apartment, defendant was left in the presence of his landlord while Henry and another officer went upstairs. Henry also testified that defendant was neither frisked nor handcuffed and it was not until the marihuana was found in defendant's bedroom that defendant was placed under arrest. While defendant testified that he had asked to leave prior to the search, Henry maintained that defendant made that request only after he was informed that marihuana was discovered. Affording due deference to County Court's credibility determinations (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Sparks*, 13 AD3d 813, 815 [2004], *lv denied* 4 NY3d 836 [2005]), we cannot conclude on this record that the court's determination on the issue of custody was erroneous (*compare People v Vaughn*, 275 AD2d 484, 487 [2000], *lv denied* 96 NY2d 788 [2001]; *People v Hardy*, 223 AD2d 839, 840 [1996]).

We likewise decline to disturb County Court's determination with regard to the consent search of defendant's apartment. A warrantless search may be conducted if entry is obtained through the "voluntary consent of one possessing the requisite authority or control over the premises" (*People v Harris*, 274 AD2d 837, 839 [2000], *lv denied* 95 NY2d 935 [2000]; *see People v Corniel*, 258 AD2d 812, 813 [1999], *lv denied* 93 NY2d 968 [1999]). Both Henry and defendant's landlord testified that the police entry came upon defendant's consent. The totality of the record does not support defendant's claim that the consent was the product of police coercion (*see generally People v Gonzalez*, 39 NY2d 122 [1976]; *see also People v Shaw*, 8 AD3d 1106, 1107 [2004], *lv denied* 3 NY3d 681 [2004]).

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.