■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. KOHORST, Appellant. [823 NYS2d 807]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered October 24, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [3]). As part of his omnibus motion, defendant challenged his warrantless arrest in his home, contending that the police acted unlawfully by entering the home without a warrant, and County Court denied that part of his omnibus motion without conducting a *Payton* hearing. Following a substitution of defense counsel, defendant's substituted defense counsel moved for reconsideration of that part of defendant's omnibus motion, and the court denied the motion. Defendant now contends on appeal that his original defense counsel was ineffective because he failed to articulate sufficient facts in support of that part of the omnibus motion concerning the *Payton* issue. We reject that contention, inasmuch as the record establishes that defendant's original defense counsel provided meaningful representation with respect to that part of the omnibus motion (*see generally People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). We also reject defendant's further contention that the court erred in summarily denying the motion for reconsideration of that part of defendant's omnibus motion concerning the *Payton* issue (*see People v McQueen*, 307 AD2d 765, 766 [2003], *lv denied* 100 NY2d 622 [2003]). In any event, even assuming, arguendo, that defendant had a reasonable expectation of privacy on his porch and thus that there was a *Payton* violation, we would nevertheless conclude that the violation would not warrant suppression of what the police observed and heard following that alleged violation. When the police confronted defendant in his home following the alleged *Payton* violation, defendant committed a new and independent crime when he interfered with the police officers' arrest of his wife and assaulted a police officer (*see People v Ellis*, 4 AD3d 877, 878 [2004], *lv denied* 3 NY3d 639, 673 [2004]).

Defendant's conviction of assault is supported by legally sufficient evidence (*see People v Bernier*, 279 AD2d 701, 702 [2001], *lv denied* 96 NY2d 797 [2001]), and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We have examined defendant's remaining contention and conclude that it is lacking in merit. Present—Kehoe, J.P., Martoche, Centra, Green and Pine, JJ.