# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1077

KA 11-01007

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DONALD M. MAY, DEFENDANT-APPELLANT.

---

THOMAS J. EOANNOU, BUFFALO (JEREMY D. SCHWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered May 13, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia in the second degree (two counts) and criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law §§ 265.03 [3]), defendant contends that Supreme Court erred in denying his motion to suppress certain physical evidence because he was subjected to an unlawful seizure. We reject that contention. Even assuming, arguendo, that defendant was unlawfully detained when the police positioned their vehicle perpendicular to defendant's vehicle in a parking lot, we conclude that defendant's subsequent conduct severed any causal connection between the unlawful detention and the subsequently-acquired evidence (*see People v Rogers*, 52 NY2d 527, 533-534, *rearg denied* 54 NY2d 753, *cert denied* 454 US 898, *reh denied* 459 US 898; *see also People v Evans*, 289 AD2d 994, 994, *lv denied* 97 NY2d 728).

After the police officer approached his vehicle, defendant drove backward over a concrete parking barrier and into the roadway, evaded a police vehicle stopped across the roadway by maneuvering his vehicle over the curb of the roadway and onto several lawns, and sped away at approximately twice the posted speed limit. At the very least, defendant's conduct constituted a violation of the misdemeanor of

reckless driving (Vehicle and Traffic Law § 1212), or reckless endangerment in the second degree (Penal Law § 120.20).  It is well established that "[a] person who is stopped or detained illegally is not immunized from prosecution for crimes committed during his [or her] detention period" (*United States v Garcia-Jordan*, 860 F2d 159, 160; *see Rogers*, 52 NY2d at 531-532).  Here, inasmuch as defendant's response to the police approach was "unjustified and criminal in nature . . . and unrelated to the initial [allegedly] unlawful action on the part of the police," suppression of the subsequently-acquired evidence was not required (*People v Townes*, 41 NY2d 97, 102; *People v Ellis*, 4 AD3d 877, 878, *lv denied* 3 NY3d 639, *reconsideration denied* 3 NY3d 673; *cf. People v Felton*, 78 NY2d 1063, 1065).

Contrary to the further contention of defendant, we conclude that the court did not err in determining, based upon the totality of the circumstances, that he voluntarily consented to the search of his residence (*see Schneckloth v Bustamonte*, 412 US 218, 226; *People v Gonzalez*, 39 NY2d 122, 128; *People v Hyla*, 291 AD2d 928, 929, *lv denied* 98 NY2d 652).  The fact that defendant was in custody when he signed the consent to search form does not require suppression of the evidence seized from his apartment (*see People v McCray*, 96 AD3d 1480, 1481).  Defendant contends that, based upon the time recorded on the consent to search form, the form was signed before the administration of *Miranda* warnings, and thus the record establishes that the consent to search form was not voluntarily signed.  However, " '[t]he voluntariness of a consent to search is not vitiated, per se, by the failure to give *Miranda* warnings to an accused while subject to custodial interrogation' " (*id.*).  In any event, the People presented evidence at the suppression hearing establishing that the time recorded on the consent to search form was erroneous and that the police did not request defendant's consent to search his apartment until *Miranda* warnings had been administered.  "It is well settled that the suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record" (*People v Esquerdo*, 71 AD3d 1424, 1424, *lv denied* 14 NY3d 887 [internal quotation marks omitted]) and, here, we see no basis to disturb the court's determination that defendant did not sign the consent form until he had waived his *Miranda* rights.

We reject the further contention of defendant that the court erred in refusing to suppress his statements on the ground that he was interrogated prior to the administration of *Miranda* warnings.  Contrary to defendant's contention, the police officer's general statements concerning cooperation were not " 'reasonably likely to elicit an incriminating response' " and thus did not constitute interrogation (*People v Brown*, 52 AD3d 1175, 1176, *lv denied* 11 NY3d 923, quoting *Rhode Island v Innis*, 446 US 291, 301; *see People v Adams*, 244 AD2d 897, 898-899, *lv denied* 91 NY2d 887).

Finally, we conclude that the court did not abuse its discretion in denying defendant's motion to dismiss the indictment in the interest of justice pursuant to CPL 210.40.  "Dismissal of an

indictment in the interest of justice must be exercised sparingly . . ., that is, only in those rare cases where there is a compelling factor which clearly demonstrates that prosecution of the indictment would be an injustice" (*People v Quadrozzi*, 55 AD3d 93, 103, *lv denied* 12 NY3d 761 [internal quotation marks omitted]; *see People v Hudson*, 217 AD2d 53, 55, *lv denied* 87 NY2d 1020), and this is not "one of those rare cases in which failure to dismiss [the indictment] would constitute an injustice" (*People v Hirsch*, 85 AD2d 902, 902).