# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1366
KA 11-00931
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TERRENCE L. NICHOLS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered April 28, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject defendant's contention that County Court erred in refusing to suppress a gun discovered by probation officers and a police officer during the search of defendant's residence, as well as defendant's subsequent statement to the police, on the ground that neither he nor his wife validly consented to the search of the house where they resided. Rather, we conclude that the testimony at the suppression hearing established that defendant, who was on probation, and his wife both consented to the search (*see People v Caldwell*, 221 AD2d 972, 972, *lv denied* 87 NY2d 920).

Specifically, defendant contends that the search was coerced with respect to him because he had been placed in custody. That contention lacks merit. Although defendant was placed in custody shortly after the arrival of the probation officers and the police at his home, a probation officer testified that defendant gave his consent to search the house before being placed in custody. In any event, we note that a defendant may consent to a search even after he is placed in custody (*see People v May*, 100 AD3d 1411, 1412, *lv denied* 20 NY3d 1063). Here, the suppression hearing testimony established that defendant's

consent to search was obtained " 'without the use of any threats or other coercive techniques' " (*People v Shaw*, 8 AD3d 1106, 1107, *lv denied* 3 NY3d 681).

Even assuming, arguendo, that defendant's consent to search was not valid, we conclude that the court properly determined that defendant's wife validly consented to the search (*see Caldwell*, 221 AD2d at 972). Indeed, the record establishes that defendant's wife was aware of the right to refuse to consent to the search (*see id.*), inasmuch as she informed the police officer that she would not have allowed the search had she thought that there were anything illegal in the house. Finally, to the extent that defendant contends that the court erred in crediting the testimony of the prosecution witnesses over that of his wife, we reject that contention. " '[I]t is well settled that [t]he suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record' " (*May*, 100 AD3d at 1412).

In light of our determination, we reject defendant's further contention that his statement to the police must be suppressed as fruit of the poisonous tree (*see generally People v Sims*, 106 AD3d 1473, 1474, *appeal dismissed* ___ NY3d ___ [Nov. 26, 2013]).

Entered:  January 3, 2014                        Frances E. Cafarell
                                                 Clerk of the Court