# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**268**

**KA 15-00310**

PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JAMIE R. O'DELL, DEFENDANT-APPELLANT.

---

JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered October 27, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant Jamie R. O'Dell (Jamie) appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [3]) and resisting arrest (§ 205.30). Defendant Doreena L. O'Dell (Doreena), Jamie's mother, appeals from a judgment convicting her upon a jury verdict of obstructing governmental administration in the second degree (§ 195.05). Jamie and Doreena were charged by the same indictment, and a joint jury trial was held. Their convictions stem from their conduct after the police made a warrantless entry into their home. A neighbor witnessed Jamie and a woman fighting in his driveway, Jamie threatened to kill the woman, and Jamie and the woman entered his home. When the police arrived at the home, Doreena would not allow them into the house, but the police forced their way into the home in order to check on the welfare of the occupants. A struggle ensued with the officers and defendants, and an officer was injured.

We reject defendants' contentions that Supreme Court (Affronti, J.) erred in not suppressing the observations of the officers after they made the warrantless entry into the home. "[T]he exclusionary rule does not require suppression of what police saw and heard when defendant[s], in being confronted in [their] home following an alleged *Payton* violation, undertook the commission of a new and independent crime" (*People v Ellis*, 4 AD3d 877, 878, *lv denied* 3 NY3d 639, *reconsideration denied* 3 NY3d 673; *see People v Kohorst*, 34 AD3d 1249,

1250, *lv denied* 8 NY3d 947; *see generally People v Dory*, 59 NY2d 121, 126-127; *People v Abruzzi*, 52 AD2d 499, 504, *affd* 42 NY2d 813, *cert denied* 434 US 921).  Even assuming, arguendo, that the observations of the police were subject to suppression under the circumstances of this case (*see generally People v Rossi*, 80 NY2d 952, 954, *rearg denied* 81 NY2d 835), we reject defendants' alternative contention that the court erred in denying suppression without a hearing.  "Defendant[s] failed to make a sufficient factual showing to require a hearing" (*People v Hodge*, 2 AD3d 1428, 1429, *lv denied* 2 NY3d 741; *see* CPL 710.60 [3] [b]; *People v Haskins*, 86 AD3d 794, 795, *lv denied* 17 NY3d 903). Based on the evidence submitted by defendants in support of their motions, the court properly concluded that "the police were justified in entering the house under the emergency exception to the warrant requirement" (*Hodge*, 2 AD3d at 1429; *see generally People v Doll*, 21 NY3d 665, 670-671, *rearg denied* 22 NY3d 1053, *cert denied* ___ US ___, 134 S Ct 1552).

We agree with defendants, however, that the court (Moran, J.) improperly removed certain elements of the crimes from the jury's consideration.  "It is well settled that all the elements of an indicted crime which are not conceded by defendant or defendant's counsel must be charged" (*People v Flynn*, 79 NY2d 879, 881; *see People v Martin*, 36 AD3d 717, 718; *People v Milhouse*, 246 AD2d 119, 123). Thus, the jury was to determine, with respect to Jamie, whether the police were "performing a lawful duty" (Penal Law § 120.05 [3]; *see People v Rivera*, 46 AD3d 349, 350, *lv denied* 10 NY3d 815), and whether the arrest was "authorized" (§ 205.30) and, with respect to Doreena, whether the police were "performing an official function" (§ 195.05; *see People v Greene*, 221 AD2d 559, 560).  When counsel for Jamie attempted to cross-examine an officer regarding the need for a warrant to enter the home, the court sua sponte instructed the jury that "[t]he [c]ourt has ruled that no search warrant was required under these circumstances."  The court thereby improperly removed the abovementioned elements from the jury's consideration (*see generally Milhouse*, 246 AD2d at 123; *Greene*, 221 AD2d at 560).  We therefore reverse the convictions and grant a new trial.  In light of our determination, we do not consider Jamie's remaining contention.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court