People v Reichel (2022 NY Slip Op 06833)

People v Reichel

2022 NY Slip Op 06833

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

109875
[*1]The People of the State of New York, Respondent,
v
Sean J. Reichel, Appellant.

Calendar Date:October 18, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Mark Schneider, Plattsburgh, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered September 8, 2017, upon a verdict convicting defendant of the crimes of driving while intoxicated, attempted criminal mischief in the fourth degree and harassment in the first degree (two counts).
In October 2016, police officers with the Washington County Sheriff's Department observed defendant driving his vehicle erratically in the Village of Hudson Falls, Washington County. The officers then followed defendant into a convenience store parking lot and approached the vehicle to investigate. Upon observing defendant slouched over the steering wheel, the officers asked if he needed assistance. Defendant responded by threatening the officers and repeatedly reaching under his seat, prompting the officers to remove him from the vehicle. The officers detected the odor of alcohol on defendant, and further observed that he had an unsteady gait and glassy eyes. Defendant was eventually placed under arrest and escorted to a patrol vehicle for transport to the Sheriff's Office for processing. Upon being handcuffed and placed in the back of the patrol vehicle, defendant continued shouting threats at the officers, kicked the rear windows of the vehicle and banged his head on the plexiglass barrier separating the front and back seats. After the officers transported defendant to the Sheriff's Office, he was moved to a recorded interview room for processing, where he continued acting belligerently and directing various threatening statements toward the officers and their families.
Defendant was subsequently charged by indictment with driving while intoxicated (hereinafter DWI), attempted criminal mischief in the fourth degree and two counts of harassment in the first degree. In an omnibus motion, defendant moved to, among other things, suppress his statements made to the officers following the arrest and during processing. County Court granted defendant a Huntley hearing; however, on the date of the hearing, defendant appeared with trial counsel and waived the hearing on the record. At the ensuing jury trial, the video containing the recording of defendant's processing was admitted without objection. Ultimately, defendant was found guilty as charged and County Court thereafter sentenced defendant to a prison term of 1&frac13; to 4 years on the DWI conviction and time served on the remaining convictions. Defendant appeals.
The single contention properly raised by defendant on this appeal asserts that counsel was ineffective for waiving the Huntley hearing. We disagree. "To establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Green, 208 AD3d 1539, 1545-1546 [3d Dept 2022] [internal quotation marks and citations omitted]; see People v Rivera, [*2]71 NY2d 705, 709 [1988]). As relevant here, "the failure to request a suppression hearing, standing alone, does not establish that defense counsel provided ineffective assistance, particularly in the absence of any basis upon which to conclude that a defendant had a colorable claim or that counsel's actions were not premised upon a legitimate strategy" (People v Hall, 147 AD3d 1151, 1152 [3d Dept 2017], lv denied 29 NY3d 1080 [2017] [internal quotation marks and citations omitted]; accord People v Johnson, 201 AD3d 1208, 1208-1209 [3d Dept 2022]).
Rather than identifying any specific statements that warranted suppression, defendant instead suggests that the entire sum of his statements following his arrest were suppressible in the absence of Miranda warnings. That assertion is without merit, as the admissibility of each statement made while defendant was detained would be subject to an individualized determination rather than blanket suppression (see e.g. People v Higgins, 124 AD3d 929 [3d Dept 2015]). To this end, it is well established "that spontaneous statements made while in custody which are not the product of questioning or its functional equivalent clearly are admissible regardless of whether Miranda warnings were given" (People v Smith, 21 AD3d 587, 588 [3d Dept 2005], lv denied 5 NY3d 833 [2005]; see People v Davis, 204 AD3d 1072, 1077 [3d Dept 2022], lv denied 38 NY3d 1032 [2022]). Moreover, statements made in response to questions seeking pedigree information are "not the type of interrogation proscribed by Miranda" (People v Rivera, 26 NY2d 304, 309 [1970] [internal quotation marks and citation omitted]), and "[t]he test for suppression is not whether the information is inculpatory but whether the police were trying to inculpate defendant or merely" asking questions inherent to the task of processing him (People v Hester, 161 AD2d 665, 666 [2d Dept 1990] [internal quotation marks and citation omitted], lv denied 76 NY2d 858 [1990]; see People v Raucci, 109 AD3d 109, 120 [3d Dept 2013], lv denied 22 NY3d 1158 [2014]; People v Youngblood, 294 AD2d 954, 954 [4th Dept 2002], lv denied 98 NY2d 704 [2002]).
The testimony at trial and the video evidence of defendant's processing reveals that his various threats to law enforcement made after he was placed in custody were spontaneously given and would not fall under the protection of Miranda. As to defendant's threatening statements in the back of the patrol vehicle, there is no indication that those statements were made in response to any manner of inquiry from the officers (see People v Kenyon, 108 AD3d 933, 936 [3d Dept 2013], lv denied 21 NY3d 1075 [2013]; see generally People v Cox, 215 AD2d 684, 684-685 [2d Dept 1995], lv denied 86 NY2d 841 [1995]). Further, while the video of defendant's processing reveals that officers at times engaged in a back and forth with defendant in response to his threats, it is clear that the vast majority of defendant's threatening statements were made to [*3]the officers during periods of silence, in response to requests for general pedigree information or in response to words or actions that were "normally attendant to arrest and custody" (People v Paulman, 5 NY3d 122, 129 [2005] [internal quotation marks and citations omitted]; see People v Wortham, 37 NY3d 407, 414 [2021], cert denied ___ US ___, 2022 WL 4652307 [2022]; People v Ero, 139 AD3d 1248, 1249 [3d Dept 2016], lv denied 28 NY3d 929 [2016]; People v Dunn, 195 AD2d 240, 244 [2d Dept 1994], affd 85 NY2d 956 [1995]; see also People v Luffman, 233 AD2d 726, 729 [3d Dept 1996], lv denied 89 NY2d 943 [1997]). Moreover, our review of the record reflects that counsel's decision to withhold objection to the introduction of the video of defendant's processing was not devoid of any strategy, as it is clear that counsel utilized the video in an attempt to highlight the deficiencies in the People's case pertaining to defendant's impairment and the officers' reactions to defendant's threats (see People v Sposito, 193 AD3d 1236, 1238-1239 [3d Dept 2021], affd 37 NY3d 1149 [2022]; People v Fiorino, 130 AD3d 1376, 1382 [3d Dept 2015], lv denied 26 NY3d 1087 [2015]; see also People v Colburn, 123 AD3d 1292, 1297 [3d Dept 2014], lv denied 25 NY3d 950 [2015]; compare People v Noll, 24 AD3d 688, 689 [2d Dept 2005], lv denied 16 NY3d 897 [2011]). Altogether, we are unpersuaded that counsel's decision to forgo the Huntley hearing, which was approved by defendant, rendered his representation ineffective (see People v Tineo-Santos, 160 AD3d 465, 466 [1st Dept 2018], lv denied 31 NY3d 1088 [2018]; compare People v Stackhouse, 194 AD3d 113, 124 [4th Dept 2021]). 
To the extent that defendant contends that the admission of the video in its entirety was reversible error, his contention is unpreserved and, in any event, our determination makes clear that it is without merit (see People v Rogers, 34 AD3d 504, 505 [2d Dept 2006], lv denied 8 NY3d 849 [2007]; People v Seymour, 255 AD2d 866, 866-867 [4th Dept 1998], lv denied 93 NY2d 902 [1999]). Defendant's remaining contentions directed toward the sufficiency of the evidence pertaining to the two counts of harassment and his related contention concerning the sufficiency of the jury instructions on those counts are improperly raised for the first time in his reply brief and, accordingly, we may not consider them on this appeal (see People v Perkins, 203 AD3d 1337, 1338 n [3d Dept 2022], lv denied 38 NY3d 1035 [2022]; People v Blume, 92 AD3d 1025, 1027-1028 [3d Dept 2012], lv denied 19 NY3d 957 [2012]).
Garry, P.J., Lynch, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.